UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD GREENUP, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6677** |
| **MARLIN GUSMAN, ET AL.** | **SECTION "D" (1)** |

## ORDER AND REASONS

The plaintiffs, Ronald Greenup and Charlie Williams, filed this complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, Chaplain Bonds, Major Jones, Gary Bordelon, and Major Jenkins. In the complaint, the plaintiffs claim that, while incarcerated within the Orleans Parish Prison system, their First Amendment right to free exercise of their religion was violated by the defendants' failure to adequately accommodate the plaintiffs' Islamic faith. They also claim that their Fourteenth Amendment right to equal protection was violated by the defendants' practice of affording adherents of other faiths greater religious freedom.[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[2]

---

[1] Rec. Doc. 4, pp. 5-6. The Court notes that the defendants' motion for summary judgment mentions the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). However, the plaintiffs do not assert a claim under the RLUIPA; rather, Claim I expressly asserts a First Amendment claim and Claim II expressly asserts an equal protection claim. Although *pro se* pleadings are liberally construed, a plaintiff is ultimately the master of his choice of actions, and even a *pro se* complaint should not be so broadly interpreted as to include a claim not urged. See Lazard v. Chevron U.S.A. Inc., Civ. Action No. 90-2019, 1991 WL 68303, at *3 (E.D. La. Apr. 21, 1991).

[2] Rec. Doc. 26.

The defendants have filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56, arguing that the plaintiffs' claims should be dismissed on the merits.[3] The plaintiffs have not filed memoranda in opposition to that motion, although Greenup has filed a document which the Court construes as a cross-motion for summary judgment.[4] However, the Court finds that it is unnecessary to address those motions concerning the underlying merits of the claims because it is clear that this action must be dismissed on the grounds that the plaintiffs are not entitled to any of the forms of relief they seek.

In the complaint, plaintiffs state their prayer for relief as follows:

(1.) Complete Qur'an with Pray Rug;

(2.) allow Imam to come in the Jail and assist the Islamic Community in spiritual development.

(3.) Have an Imam placed on the Jail pay roll full time;

(4.) Have meals set aside each day for the Islamic Community all those who wish to observe the Ramadan fast in the Holy month.

(5.) Have Jumah call out provided for the Islamic Community every Friday.

(6.) awarded 1,000,000 for mental anguish and suffering

(7.) To be Transferred to DOC.[5]

The first five of those requests are now moot. Since the filing of the complaint, both of the plaintiffs have been transferred from the Orleans Parish Prison system into the custody of the

---

[3] Rec. Doc. 32.

[4] Rec. Doc. 35.

[5] Rec. Doc. 4, p. 6.

Louisiana Department of Public Safety and Corrections.[6] The United States Fifth Circuit has made clear that a transfer renders moot any claims for declaratory or injunctive relief with respect an inmate's prior facility. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); see also Davis v. Wall, No. 94-41002, 1995 WL 136204, at *2 n.3 (5th Cir. Mar. 9, 1995); McGee v. Camnova, Civ. Action No. 3:08-CV-2062, 2009 WL 35056, at *2 (N.D. Tex. Jan. 2, 2009); Dean v. Corrections Corporation of America, No. 2:05CV31, 2006 WL 2376224, at *2 (N.D. Miss. Aug. 16, 2006); Serrano v. Bowles, No. 3:02-CV-0686, 2003 WL 21448357, at *1 (N.D. Tex. May 16, 2003).

The sixth request is precluded by 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Because the plaintiffs suffered no physical injury as result of the alleged violations in this case, they are barred from recovering the requested $1,000,000 in compensatory damages "for mental anguish and suffering." Herman, 238 F.3d at 665-66; see also Mayfield v. Texas Department of Criminal Justice, 529 F.3d 599, 605-06 (5th Cir. 2008); Massingill v. Livingston, 277 Fed. App'x 491, 493 (5th Cir. 2008); Delafosse v. Stalder, 169 Fed. App'x 922 (5th Cir. 2006).

Lastly, as to the seventh request, both of the plaintiffs have now been transferred into the custody of the Louisiana Department of Public Safety and Corrections. Because they have already received the transfer they sought, their request for such a transfer is moot. Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Windham v. Pierce, C.A. No. C-09-290, 2010 WL 324776, at *3

---

[6] Greenup is currently incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Rec. Doc. 36. On March 24, 2010, the Court confirmed by telephone that Williams is at the Dixon Correctional Institute in Jackson, Louisiana.

(S.D. Tex. Jan. 21, 2010); <u>Johnson v. Parks</u>, No. Civ. A. 5:03-CV-024, 2004 WL 2101669, at *6 (N.D. Tex. Sept. 15, 2004), <u>aff'd</u>, 182 Fed. App'x 300 (5th Cir. 2006).

Accordingly, for all of the foregoing reasons,

**IT IS ORDERED** that the plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motions for summary judgment, Rec. Docs. 32 and 35, are **DENIED AS MOOT**.

New Orleans, Louisiana, this twenty-sixth day of March, 2010.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

_____
**CLERK TO NOTIFY ALL COUNSEL,**
**ALL UNREPRESENTED PARTIES**
**AT THEIR ADDRESS OF RECORD,**
**AND:**

**Charlie Williams**
**Dixon Correctional Institute**
**P. O. Box 788, Hwy. 68**
**Jackson, LA 70748**